**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RIGOBERTO JOYA, Individually and on Behalf of All Others Similarly Situated,**<br><br>                    **Plaintiff,**<br><br>-against-<br><br>**ABV DINER INC. d/b/a NORTH SHORE DINER, VASILIS FATSIS and VISARION FATSIS, Jointly and Severally,**<br><br>                    **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Rigoberto Joya ("Joya" or the "Plaintiff"), individually and on behalf of all others similarly situated, as collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. Defendants own and operate a restaurant doing business under the trade name "North Shore Diner" located in the Bayside neighborhood in Queens, New York.

2. Plaintiff is a cook at North Shore Diner, who regularly works over forty (40) hours each week. For his work, Plaintiff is paid through a combination of check and cash at the same

1

hourly rate for all hours such that he is not paid overtime premium pay for hours worked over forty (40) hours in a given workweek. In addition, Defendants failed to pay Plaintiff spread-of-hours premiums when he worked shifts that exceeded a spread of ten (10) hours per day and failed to provide Plaintiff with a wage notice and accurate wage statements.

3. Plaintiff brings this action to recover unpaid overtime premiums owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also bring claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

4. Plaintiff brings his FLSA claim on behalf of himself and all other similarly situated employees who worked for Defendants and his NYLL claim on behalf of himself and a Federal Rule of Civil Procedure 23 ("Rule 23") class of all non-management employees working for Defendants at North Shore Diner.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8. <u>Plaintiff Rigoberto Joya</u> has been, at all relevant times, an adult individual residing in Queens County, New York.

9. Throughout the relevant time period, Plaintiff performed work for Defendants at their restaurant, North Shore Diner, located at 196-52 Northern Boulevard, Bayside, New York 11361.

10. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his written consent form is attached hereto and incorporated by reference.

**Defendants:**

11. <u>ABV Diner Inc.</u> is an active New York Corporation doing business as "North Shore Diner" ("North Shore Diner" or the "Corporate Defendant") with its principal place of business at 196-52 Northern Boulevard, Bayside, New York 11358.

12. Upon information and belief, <u>Vasilis Fatsis</u> and <u>Visarion Fatsis</u> (together, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") are each an owner and operator of the Corporate Defendant, who set the Corporate Defendant's payroll policies including the unlawful practices complained of herein.

13. The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiff and the Corporate Defendant's other employees and is an "employer" pursuant to the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

14. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, Plaintiff and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

16. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since February 8, 2015 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

18. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally required overtime premium payments.

19. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## NEW YORK CLASS ACTION ALLEGATIONS

20. Pursuant to the NYLL, Plaintiff brings his Second through Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All individuals employed by Defendants at North Shore Diner at any time since February 8, 2012 and throughout the entry of judgment in this case (the "Class Period") who worked as non-management employees (the "Class Members").

21. <u>The Class Members are readily ascertainable</u>. The number and identity of the Class

4

Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

22. <u>The Class Members are so numerous that joinder of all members is impracticable</u>. Although the precise number of Class Members is unknown to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

23. Upon information and belief, there are in excess of forty (40) Class Members.

24. <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class</u>. These common questions include, but are not limited to:

   a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

   b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

   c. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums when they worked more than forty (40) hours in a given workweek;

   d. whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts or split shifts in excess of ten (10) hours;

   e. whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

   f. whether Defendants failed to provide Plaintiff and the Class Members with a proper wage notice at the beginning of their employment and/or on February 1 of each

    year, as required by the NYLL;

 g. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

 h. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

 25. The answers to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiff on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

 26. <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, is an employee of Defendants who works for Defendants pursuant to their corporate policies. The Plaintiff, like all Class Members, was, *inter alia*, was not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, was not paid spread-of-hours premiums when working a shift of ten (10) or more hours or a split shift, was not provided with wage notices on the date he was hired or on February 1 of each subsequent year, and was not provided with accurate wage statements with each weekly wage payment. If Defendants are liable to the Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

 27. <u>The Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between the Plaintiff and the Class Members, and the Plaintiff bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

 28. Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

29. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

30. Defendants are relatively sophisticated parties with substantial resources. Plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Diner**

31. At all relevant times, Defendants have been in the food service business.

32. Upon information and belief, Defendants have owned, operated and managed North Shore Diner since in or around 1979.

33. North Shore Diner is open seven (7) days per week, twenty-four (24) hours per day.

34. According to the New York State Department of State, Division of Corporations, Defendant Visarion Fatsis is the Chief Executive Officer of North Shore Diner.

35. Upon information and belief, the Individual Defendants are a constant presence in their diner whereby they jointly control the day-to-day operations of the diner, including all personnel and management decisions.

36. Upon information and belief, Defendants applied the same employment policies, practices and procedures, including the unlawful policies complained of herein, to all non-management employees throughout the relevant time period.

**Plaintiff's Work for Defendants**

37. **Plaintiff Joya** has worked for Defendants as a cook at North Shore Diner since 1994 through the present (the "Joya Employment Period").

38. Although Joya's schedule has fluctuated throughout the Joya Employment Period, Joya is typically scheduled to work six (6) days per week, with Tuesdays off. Monday, Wednesday, Thursday, Friday and Saturday, Joya works from approximately 11:00 a.m. to approximately 9:00 p.m. and on Sundays Joya works from approximately 9:00 a.m. to approximately 9:00 p.m. In total, Joya works approximately sixty-two (62) hours per week.

39. For his work as a cook, from in or around 2011 to in or around July 2017, Joya was paid approximately $770.00 per week. From in or around August 2017 to the present, Joya has been paid approximately $834.00 per week.

40. For his work, Plaintiff receives his wages through a combination of check and cash. The check that Plaintiff receives typically reflects up to forty (40) hours of work each week at an hourly rate that is significantly lower than Plaintiffs' regular rate. The portion of wages paid to Plaintiff by cash is used to make up the difference between the wages paid by check and Plaintiffs' weekly "salary."

41. Plaintiff never received an accurate statement with his wages which included the full hours that he worked, the wages that he received, and his correct hourly rate.

42. Plaintiff is required to log up to forty (40) hours in the time card and all hours worked over forty (40) are logged onto a separate paper, which is typically attached to the timecard.

43. While Joya's shifts were typically in excess of ten (10) hours, Joya never received an extra hour's pay at minimum wage for these shifts.

44. Throughout the relevant time period, Plaintiff Joya was never provided with a wage

notice on his date of hire and/or February 1 of each year.

**Defendants' Unlawful Corporate Policies**

45. Plaintiff and the Collective Action Members/Class Members were paid by the same corporate policies of Defendants, including failing to pay overtime premiums, spread-of-hours premiums, and failing to provide proper wage notices and wage statements.

46. Defendants did not provide Plaintiff or the Collective Action Members and Class Members with proper wage notices at the time of hire or by February 1 of each year.

47. Defendants did not provide Plaintiff and the Collective Action Members and Class Members with accurate wage statements with their wage payments detailing, among other information, their correct regular hourly rate, overtime rate, and hours worked for the pay period.

48. Despite the fact that Plaintiff and the Collective Action Members and Class Members typically worked over forty (40) hours each week, Defendants did not pay Plaintiff and the Collective Action Members and Class Members overtime premiums of one and one-half (1.5) times their regular hourly rate.

49. Despite the fact that Plaintiff and the Collective Action Members and Class Members often worked shifts of over ten (10) hours, Plaintiff and the Collective Action Members and Class Members were not paid spread-of-hours premiums consisting of one (1) extra hour of minimum wage for each day when they worked in excess of ten (10) hours.

50. Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT-UNPAID OVERTIME**
(Brought on Behalf of Plaintiff and the Collective Action Members)

51.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

53.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
(Brought on Behalf of Plaintiff and the Class Members)

55.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular

rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

57. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the NYLL.

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
**(Brought on Behalf of Plaintiff and Class Members)**

58. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59. Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

60. Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
**(Brought on Behalf of Plaintiff and Class Members)**

61. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

63. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiff and the Class Members)

64. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked. Including overtime hours worked if applicable; deductions; and net wages.

66. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.,* liquidated damages as provided for by the NYLL, reasonable attorneys' fees, cost, pre-judgment and post-judgment interest, and injunctive and declaratory relief

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES
### (Brought on Behalf of Plaintiff and the Class Members)

67. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68. Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer, or any "doing business as" names used by employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

69. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, et seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, cost, pre-judgment and post-judgment interest and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by

filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of Plaintiffs' NYLL claims as a Fed. R. Civ. P. 23 class action and appointing Plaintiff and his counsel to represent the Class Members;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

e. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of the Defendants' willful failure to pay overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

h. An award of compensatory damages as a result of the Defendants' failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

i. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

j. An award of two hundred fifty dollars ($250.00) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

k. An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

l. An award of prejudgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
February 8, 2018

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative
FLSA Collective and Class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de North Shore Diner y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

Rigoberto Antonio Joya
_____
Nombre Escrito