# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into by and between **Rigoberto Joya** ("Plaintiff"), individually, and **ABV Diner, Inc.** (collectively with all respective subsidiaries, affiliated, and parent companies, predecessors, successors and assigns, as well as their past or present officers, directors, agents, representatives, insurers, employer organizations, or employees, "North Shore Diner" or the "Corporate Defendant"), **Vasilis Fatsis and Visarion Fatsis** (collectively with all respective heirs, administrators, representatives, successors and assigns the "Individual Defendants" and altogether with the Corporate Defendant, the "Defendants"). Plaintiff and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, Plaintiff commenced a lawsuit in the United States District Court for the Eastern District of New York under docket number 18 Civ. 875 (the "Action"), alleging violations of the New York State Labor Law and the Fair Labor Standards Act;

**WHEREAS**, Defendants deny any and all claims of wrongdoing and/or allegations of misconduct or other liability to Plaintiff or others that are contained in Plaintiff's Action;

**WHEREAS**, the parties elected to resolve this matter by the terms of this Agreement rather than bear the time and expense of further litigation, including possible trial;

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. **Settlement.**

    (a) In consideration for Plaintiff's release of claims as provided in paragraph 2, Defendants, jointly and severally, agree to pay to Plaintiff the total settlement amount of Seventy-Five Thousand Dollars ($75,000.00) (the "Settlement Amount"), consisting of Forty-Nine Thousand, Three Hundred and Forty-One Dollars and Forty-Five Cents ($49,341.45) to be paid to Plaintiff and Twenty-Five Thousand, Six Hundred and Fifty-Eight Dollars and Fifty-Five Cents ($25,658.55), consisting of Nine Hundred Eighty-Seven Dollars and Eighty-Three Cents ($987.83) for reimbursement of litigation costs and Twenty-Four Thousand, Six Hundred and Seventy Dollars and Seventy-Two Cents ($24,670.72) in attorneys' fees, to be paid to counsel for Plaintiff, Pelton Graham LLC ("Plaintiff's Counsel"). All payments shall be mailed to Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006. The payments shall be divided as follows:

    (i) Within forty-five (45) days of approval by the Court of this Agreement, and the Court's dismissal of the Action with prejudice, Defendants shall make their first Settlement Payment to the Plaintiff in the amount of Twenty-Four Thousand, Six Hundred Dollars and Zero Cents ($24,600.00) (the "Initial Settlement Payment"), consisting of one check in the amount of Sixteen Thousand, One Hundred and Eighty-four Dollars and Zero Cents ($16,184.00) payable to

    Plaintiff and one check in the amount of Eight Thousand, Four Hundred and Sixteen Dollars and Zero Cents ($8,416.00) payable to Plaintiff's Counsel; and

  (ii) Thirty (30) days after the Initial Settlement Payment, Defendants shall make the first of twelve (12) equal installment payments of Four Thousand, Two Hundred Dollars and Zero Cents ($4,200.00), consisting of one check in the amount of Two Thousand, Seven Hundred and Sixty-Three Dollars and Twelve Cents ($2,763.12) payable to Plaintiff and one check in the amount of One Thousand, Four Hundred and Thirty-Six Dollars and Eighty-eight Cents ($1,436.88) payable to Plaintiff's Counsel (the "Installment Payments"), with each of the subsequent installment payments to be made no later than thirty (30) days after the date of the previous Installment Payment, or if such date falls on a weekend or public holiday, on the first business day thereafter.

(b) The foregoing total amount to Plaintiff shall be divided for tax purposes as follows: the Initial Settlement Payment and the first six (6) of the Installment Payments shall be deemed to constitute payment for alleged liquidated damages and, therefore, shall not be subject to statutory payroll deductions/withholdings. An IRS form 1099 shall be issued to Plaintiff for this amount. The remaining Installment Payments to Plaintiff (i.e. payments 7 through 12) shall be deemed to constitute payment for alleged lost wages and, therefore, shall be subject to statutory payroll deductions/withholdings, which Defendants shall make. An IRS form W-2 shall be issued to Plaintiff for this amount. Plaintiff shall execute and deliver to counsel for Defendants, Daniel G. De Pasquale, Esq. and Andreas Koutsoudakis, Esq. (collectively, "Defendants' Counsel") all documents necessary to effect this settlement, including IRS Forms W-4 and W-9, Plaintiff's Counsel must complete and return an IRS Form W-9, to counsel for Defendants, including a Social Security or ITIN number, or employer tax identification number, as appropriate. An additional IRS form 1099 shall be issued to Pelton Graham LLC and Plaintiff for the amount allocated to attorneys' fees and costs ($25,658.55). The foregoing checks and IRS forms shall all be delivered to Plaintiff's counsel for distribution to Plaintiff.

**2.** **<u>Voluntary Dismissal with Prejudice.</u>**

(a) Plaintiff hereby authorizes and directs his attorney, upon their execution of this Agreement, to execute and file with the United States District Court for the Eastern District of New York, a Stipulation of Discontinuance with Prejudice in this action in the form annexed hereto as Exhibit A.  Such Stipulation shall be filed by counsel for Plaintiff immediately after court approval of this settlement.

(b) Plaintiff hereby authorizes and directs his attorneys to dismiss the action with prejudice.

**3.** **<u>Confession of Judgment</u>**

  Concurrently with the execution of this Agreement, the Individual Defendants shall execute and deliver to Plaintiff's counsel an Affidavit of Confession of Judgment in the amount of Seventy-Five Thousand Dollars ($75,00.00), less any payments previously made pursuant to this

Agreement and in the form annexed as Exhibit B, to be held in escrow by Plaintiff's counsel as security for the monies owed under this Agreement. Upon full payment of the amounts due under this Agreement, Plaintiff's counsel will deliver the original Affidavits of Confession of Judgment to Defendants' Counsel at Daniel G. De Pasquale, Esq., 140 Fell Court, Suite 305, Hauppauge, New York 11788 and Law Office of A. Koutsoudakis, 51 Shiloh Street, Staten Island, New York 10314, within seven (7) days of the receipt of such payment.

**4. Default and Notice to Cure**

In the event Defendants fail to pay the Settlement Payment when due as set forth in paragraph (1)(a) above, Plaintiff's counsel shall send a notice of default to Defendants' Counsel via U.S. Mail at Daniel G. De Pasquale, Esq., 140 Fell Court, Suite 305, Hauppauge, New York 11788 and Law Office of A. Koutsoudakis, 51 Shiloh Street, Staten Island, New York 10314 and e-mail at dan@dgdpc.com and akoutsoudakis@gmail.com. Defendants shall have ten (10) business days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiff will be free to seek enforcement of the Settlement Agreement in the United States District Court for the Eastern District of New York. In the event that payment is not made within the Cure Period, Plaintiff shall be entitled to file the Affidavits of Confession of Judgment, and to enter judgment in the amount of 100% of the Settlement Amount, less any payments previously made pursuant to this Agreement.

**5. Wage and Hour Release.**

(a) In consideration for the Settlement Payment, which Plaintiff acknowledges to be good and valuable consideration, Plaintiff knowingly and voluntarily releases and forever discharges Defendants, and any of their parents, subsidiaries, and related companies, and any of their past and present owners, partners, managers, officers, shareholders, employees, agents and attorneys, and each of their predecessors, successors, administrators, executors and assigns, from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of all claims relating to any and all federal, state, or local wage and hour claims that were alleged or could have been alleged in the Action. This release includes claims under the New York Labor Law, including claims for unpaid wages, liquidated damages, interest and attorneys' fees, for wage notice and wage statement violations, and claims relating to, or arising under, any other federal, state, or local statute or regulation that concerns hours worked or payment of wages, including the Fair Labor Standards Act.

(b) However, nothing herein shall release or preclude (i) any claims that arise after execution of this Agreement, (ii) any claims that cannot be waived by operation of law, and/or (iii) any right to file a charge with the United States Equal Employment Opportunity Commission ("EEOC") or the National Labor Relations Board ("NLRB").

(c) This Agreement and the release and discharge contained in this paragraph shall also apply to the Defendants' insurers, the Defendants' past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates.

**6 Representations and Warranties.**

The Parties each represent, warrant to and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by Plaintiff and Defendants as to the terms of the settlement;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms.

### 7. **Non-Admission.**

This Agreement shall not be construed as an admission by either Party of any wrongdoing or liability of whatever nature. Defendants do not admit to liability or to the suitability of the current action for class or collective litigation, both of which are expressly denied.

### 8. **Applicable Law and Continuing Jurisdiction.**

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York. The Parties consent to the authority of District Judge Allyne R. Ross and Magistrate Judge Sanket J. Bulsara for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and the settlement contemplated thereby.

In the event this Agreement is not approved by the District Court, the Parties agree to take all reasonable steps to have this Agreement approved. If, notwithstanding the above, the case is not dismissed with prejudice by the District Court, this Agreement shall be null and void and no payments shall be made pursuant to paragraph 1 of the Agreement and the litigation of the Action shall resume.

### 9. **Mutual Non-Disparagement**

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Company in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

### 10. **Breach of Agreement**

The judges presiding over the Action in the United States District Court of the Eastern District of New York, specifically Judge Allyne R. Ross and Magistrate Judge Sanket J. Bulsara, will retain jurisdiction over the Action to enforce the parties' Agreement. Breach of any of the provisions of this Agreement by any Party to this Agreement shall be determined solely by the judges presiding over the Action.

**11. Severability.**

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

**12. No Other Representations or Agreements.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

**13. No Modification Except in Writing.**

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

**14. Execution in Counterpart.**

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**15. BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_____  Dated: _____
Rigoberto Joya


_____  Dated: _____
ABV Diner, Inc.
d/b/a North Shore Diner

By: _____


_____  Dated: _____
Vasilis Fatsis, Individually


_____  Dated: _____
Visarion Fatsis, Individually

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RIGOBERTO JOYA, Individually and on Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>-against-<br><br>**ABV DINER INC. d/b/a NORTH SHORE DINER, VASILIS FATSIS and VISARION FATSIS Jointly and Severally,**<br><br>Defendants. | No. 18 Civ. 875 (ARR) (SJB)<br><br>**Stipulation of Dismissal** |

IT IS HEREBY STIPULATED AND AGREED by and between the parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41 (a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein to be dismissed with prejudice, with each party to bear their own fees and costs; and that Plaintiff is precluded from bringing any further claims against Defendants under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, for the period set forth in Plaintiff's Complaint.

IT IS HEREBY FURTHER STIPULATED AND AGREED that this Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

| | |
|---|---|
| **PELTON GRAHAM LLC** | **DANIEL G. DE PASQUALE, ESQ.** |
| By: _____ <br> Brent E. Pelton, Esq. <br> Taylor B. Graham, Esq. <br> 111 Broadway, Suite 1503 <br> New York, New York 10006 <br> Tel.: (212) 385-9700 <br><br> *Attorneys for Plaintiff* | By: _____ <br> Daniel G. De Pasquale, Esq. <br> 140 Fell Court, Suite 305 <br> Hauppauge, New York 11788 <br> Tel.: (631) 881-0040 <br><br> **LAW OFFICE OF A. KOUTSOUDAKIS** <br><br> By: _____ <br> Andreas Koutsoudakis, Esq. <br> 51 Shiloh Street <br> Staten Island, New York 10314 <br> Tel.: (917) 418-7390 <br><br> *Attorneys for Defendants* |

**SO ORDERED**

**DATED this \_\_day of _____, 2018**

_____
**HONORABLE SANKET J. BULSARA**
**UNITED STATES MAGISTRATE JUDGE**